### STATE *v.* JOHN MARSH.

January Term, 1901.

Present: TAFT, C. J., TYLER, MUNSON, START and STAFFORD, JJ.

*Intoxicating liquor—Disclosure under V. S. 4483*—Upon conviction of being found intoxicated a respondent was put upon disclosure and asked "Of whom did you get the alcohol." Under the circumstances the question obviously related to the liquor producing the intoxication. Besides the respondent's answer showed that he so understood it. The inquiry was proper and material.

*Perjury in disclosing under V. S. 4483*—If one who is properly required to disclose under V. S. 4483 knowingly and wilfully testifies falsely as to facts material to the place where and the person of whom the liquor producing intoxication was obtained and the circumstances attending its procurement he is guilty of perjury.

*Scope of disclosure under V. S. 4483—Perjury in making such disclosure*—In taking a disclosure under V. S. 4483 the state is entitled

to put questions in the nature of cross-examination with a view to obtaining a truthful and full disclosure, and if the one disclosing knowingly and wilfully testifies falsely in answer to proper questions in the line of such examination he is guilty of perjury.

*Evidence*—The question being whether one who was arrested intoxicated on a certain day had given false testimony in saying that he became intoxicated solely by drinking from a pint of alcohol which he obtained that day from a stranger on the street and that he had no other liquor that day, it was proper for the state to introduce evidence tending to show that about two hours before his arrest he obtained a pint bottle filled with alcohol of a town agent at the town agency, and that at the time of his arrest he had such bottle with him, but that it was then only partly filled.

INFORMATION for perjury charged to have been committed by the respondent while making a disclosure under oath as required by V. S. 4483. Trial by jury, Washington County, September Term, 1899, *Watson,* J., presiding. Verdict of guilty. Judgment on verdict. The respondent excepted.

The State introduced evidence tending to show the regularity of the proceedings in pursuance of which the respondent was required to disclose. To show that the respondent gave in substance the testimony set out in the information, it introduced the testimony of the justice before whom the disclosure was taken, and that of the grand juror who examined the respondent upon the taking of such disclosure. To show the falsity of the testimony alleged in the information to have been given by the respondent, the State introduced the testimony of a town agent for the sale of liquor, and other evidence, tending to show that about two hours before the respondent was arrested as intoxicated he purchased of such agent, at the agency conducted by him, a pint of alcohol which was delivered in a pint bottle, and that at the time of the respondent's arrest the same pint bottle, about half full of alcohol, was found upon the respondent.

The exceptions were to the admission of evidence, to portions of the charge, and to the overruling of a motion in arrest made after verdict and before judgment.

*Richard A. Hoar,* State's Attorney, for the State.

*R. M. Harvey* for the respondent.

TYLER, J.    Information for perjury under form 49, V. S., alleged to have been committed by the respondent while making a sworn disclosure before a justice of the peace under V. S. 4483, in respect to the place where and the person of whom and the circumstances in which he obtained the liquor that produced the intoxication, he having been convicted of the offense of being found in that condition.

The matter set out in the information in answers to questions put to the respondent by the prosecuting officer is as follows:

"Q.   Of whom did you get the alcohol?

A.   I got a pint of alcohol of a tall, slim man with a black moustache, on the street just below Tommassi's.

Q.   Was that all the intoxicating liquor you had?

A.   It was, I had no other liquor.

Q.   Of whom did you get the liquor?

A.   I did not know his name.

Q.   Did you have any other liquor that you drank which aided in making you drunk?

A.   I had no other liquor.

Q.   Then you wish to leave the matter as you have?

A.   I do."

The respondent contends that the evidence does not support the first answer, as it does not connect the alcohol inquired about with the respondent's intoxication; that this part of the charge in the information is immaterial; that if this answer can be held material, then the second question and answer are

immaterial as they refer to other liquor than that which produced the intoxication, for that the testimony of the prosecuting officer was that the respondent said in answer to that question that he had no other liquor that day that he drank, and that this is not in substance or effect the answer charged; that as to the first three questions and answers, the first two are immaterial and can only become material by substituting other questions and answers unlike them in substance and effect; that the three questions and answers together are unsupported by the evidence; that as to the fourth question there is no evidence that it was asked nor that the respondent testified in answer to it unless it may be inferred from the testimony received subject to exception; that the admission of all testimony as to his going into any other place and obtaining liquor was error; that the only effect of this evidence was in tending to show that the respondent falsely testified that he did not go to the agency and get alcohol. It is contended in argument that both the prosecuting attorney and the respondent must have understood that there was a distinction made in the testimony between liquor that produced intoxication and liquor that did not produce that result, and that the testimony tended to support, if any, a different perjury from that alleged.

On the other hand, it evidently was the theory of the prosecution that the respondent obtained the alcohol upon which he became intoxicated of the liquor agent, under a false pretense, and that his disclosure was untrue. In this view the fullest cross-examination of the respondent was permissible, and the testimony of the agent was properly admitted that the respondent obtained liquor of him at a time when he might have become intoxicated upon it. It cannot be said that there was no evidence tending to show that the respondent drank any of the alcohol obtained by him of the agent. The agent's testimony tended to identify the bottle found in the respondent's possession

when arrested as the one furnished him by the agent, and the evidence also was that the bottle was only partly filled when taken from the respondent's ·possession. Here was a question of fact for the jury, whether the testimony about obtaining the liquor of a stranger was true, and if they believed it to be fiction, then upon the evidence above referred to whether he did not become intoxicated upon the alcohol obtained from the agent. It was also a question for the jury whether, though he did obtain alcohol from a stranger as he testified, he did not also obtain liquor at the agency which contributed to his intoxication. Both facts might have existed.

The first question does not include the words, "that produced the intoxication," but it is evident from the respondent's answer that he understood the question to mean that, and it was properly treated as if it contained those words. Having been convicted on his plea of guilty, put upon disclosure and asked where he got the alcohol, he might understand it meant the liquor that made him drunk.

There was no error in permitting the cross-examination nor in admitting the direct evidence that the respondent obtained the liquor at the agency as tending to show that he had made a false disclosure.

The respondent's argument is not well founded that the real charge of perjury was in his denial that he had other liquor or that he had other liquor that aided in producing the intoxication. The substance of the charge was that he falsely swore that he obtained the alcohol that caused his intoxication of a stranger and that he had no other liquor that day.

The respondent excepted to the following instruction:

"And the court instructs you that the place where, and the person of whom the liquor producing the respondent's intoxication was obtained, and the circumstances attending it, were material questions then before Mr. Justice Fay; and if

you are satisfied, upon the evidence, beyond a reasonable doubt, that the respondent then and there testified of and concerning the place where and the person of whom he obtained the liquor producing his intoxication, and the circumstances attending it, in substance, as alleged in the information, and that he knowingly and wilfully testified falsely in giving that testimony, and that the testimony was material upon the question of the place where and the person of whom he obtained the liquor producing such intoxication, and the circumstances attending it, your verdict should be guilty."

The ground of the exception was that the circumstances attending it were not material. As the "circumstances" were only those contained in the answer to the first question, the instruction could not have been misleading. There was an exception to the following instruction:

"It has been argued to you that if this respondent was asked if he had any other liquor, when he testified, if you find he did testify that he obtained alcohol of this tall, slim man with a black moustache, and that it related to the liquor producing the intoxication,—it has been argued that if he was asked if he had any other liquor, that that is an immaterial matter, * * * because so far as other liquor was concerned it did not enter into that investigation. It is true that they only had a right to question him under the statute at that time, concerning where he obtained the liquor which produced his intoxication; but they had a right to examine him fully upon that question. * * * Now if at that time when they were examining him as to the place where and the person of whom he procured that liquor, as bearing upon that question, they asked him if he had any other liquor than that which he had of the tall, slim man, with the view of seeing whether this other liquor, if he had any, entered into the production of the intoxication, that is, he took some of that also, then it was proper

examination as bearing upon this question; because they had a right to examine him fully regarding it, to find out fully as to the place or places, the person or persons of whom he procured the liquor which produced his intoxication."

This instruction was correct for the reasons assigned in the last sentence thereof.

*It is therefore considered that judgment ought to be rendered upon the verdict, and it is rendered.  Let sentence be imposed, and execution be done.*